Glenn E. ARDREY, Petitioner–Appellant,

v.

Erasmo BRAVO, Warden, Guadalupe County Correctional Facility; Attorney General for the State of New Mexico, Respondents–Appellees.

No. 01–2274.

United States Court of Appeals, Tenth Circuit.

April 24, 2002.

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

Glenn Ardrey, a state prisoner appearing pro se, seeks a certificate of appealabil-

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submit-

ity (COA) in order to appeal the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons set out below, we deny Mr. Ardrey's request for a COA and dismiss the appeal.

Mr. Ardrey pled guilty to armed robbery with a firearm enhancement. In his plea agreement, he accepted a sentencing range between one and ten years "subject to open argument by all parties." Rec. doc. 1. The state court sentenced Mr. Ardrey to ten years in prison with three of those years suspended contingent upon successful completion of a long-term substance abuse treatment program. His motion for reconsideration of the sentence was denied. In denying the motion, the state court held that the three-year suspended sentence did not violate the plea agreement because the sentence imposed was within the range of sentences in the agreement. Mr. Ardrey's state post-conviction action was unsuccessful.

Mr. Ardrey filed the present petition for writ of habeas corpus claiming denial of his right to a speedy trial, breach of the plea agreement by the imposition of the suspended sentence and required treatment program, involuntary plea, ineffective assistance of counsel, and denial of good time credits for time served in the county cor-

rectional facility prior to trial and sentencing. The magistrate judge recommended the petition be denied. In so doing, the magistrate judge noted that the state courts had not specifically addressed some issues on the merits. Relying on this circuit's decision in *Aycox v. Lytle*, 196 F.3d at 1174, 1177–78 (10th Cir.1999), the magistrate judge held that because the results of the state court decision were neither contrary to or an unreasonable application of clearly established Supreme Court precedent nor an unreasonable determination of the facts in the light of the evidence, the federal courts owed deference to those results. After considering Mr. Ardrey's objections, the district court adopted the recommendation and denied the petition as well as Mr. Ardrey's motion for a COA.

■ On appeal, Mr. Ardrey contends that the district court erred in dismissing his claims regarding ineffective assistance of counsel and breach of the plea agreement. To determine whether Mr. Ardrey is entitled to a COA, we must examine whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (construing 28 U.S.C. § 2253(c)).[1]

---

ted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Mr. Ardrey also challenges the district court's denial of his request for an evidentiary hearing. A state prisoner who seeks an evidentiary hearing on a section 2254 habeas claim in federal court must satisfy the requirements of section 2254(e)(2). See 28 U.S.C. § 2254(e)(2); *see also Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir.1998). Section 2254(e)(2) involves a two-pronged in-

quiry. First, we must determine whether Mr. Ardrey "has failed to develop the factual basis of a claim in State court...." 28 U.S.C. § 2254(e)(2). If he failed to do so, we must deny a hearing unless he establishes that one of the exceptions to section 2254(e)(2)(A) applies. Those exceptions require an applicant to show that the claim either relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." *Id.* The applicant must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the con-

■ Mr. Ardrey's ineffective assistance claim has four bases: counsel misled him as to the nature and length of his sentence, failed to raise a speedy trial claim, and failed to thoroughly research Mr. Ardrey's mental illness. In its independent review, the magistrate judge found the speedy trial claim waived when Mr. Ardrey pled guilty. Regarding the claim that Mr. Ardrey's counsel misled him, the magistrate relied on our decisions in *Cunningham v. Diesslin*, 92 F.3d 1054, 1061 (10th Cir. 1996), *United States v. Carr*, 80 F.3d 413, 417–19 (10th Cir.1996), and *Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir.1995), in concluding that although Mr. Ardrey's counsel may have suggested that as a first time felon his sentence would likely be light or would not involve drug treatment, such allegations fail to establish that the guilty plea was anything but voluntary.

A state court guilty plea is constitutional "if the circumstances demonstrate that the defendant understood the nature and the consequences of the charges against him and that the defendant voluntarily chose to plead guilty." *Miles*, 61 F.3d at 1466 (citing *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). To establish an ineffective counsel claim in cases where he pled guilty, a defendant must show that the advice he received from counsel fell below an objective standard of reasonableness, *Hill v. Lockhart*, 474 U.S. 52, 56–57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial," *id.* at 59, 106 S.Ct. 366. The record contains neither allegations nor evidence convincing us that Mr. Ardrey's guilty plea was involuntary or that his counsel was ineffective in representing him.

■ Mr. Ardrey also maintains the district court erred in dismissing his claims regarding alleged breach of the plea agreement. He contends the state court altered the agreed-upon sentencing parameters when it imposed a three-year suspended sentence to be served as probation along with required participation in a long-term drug rehabilitation program. Reviewing the record, the district court concluded that the prosecutor's only promise in the plea agreement was to recommend a sentence of no more than ten years. Most importantly, the court found that Mr. Ardrey received no more than ten years punishment. Like the district court, we are not persuaded the state courts' dismissal of Mr. Ardrey's claims relating to his plea agreement was contrary to established precedent or involved an unreasonable finding of fact.

We have reviewed Mr. Ardrey's briefs, the magistrate judge's recommendations, the district court's order, and the entire record on appeal. Because Mr. Ardrey's claims do not meet the standard, we DENY his request for a certificate of appealability and DISMISS the appeal. We also DENY Mr. Ardrey's requests for ap-

stitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." *Id.* § 2254(e)(2)(B).

Nothing in Mr. Ardrey's petition or the record demonstrates that Mr. Ardrey developed the factual basis of his claim in state court. Nor did he demonstrate he requested an evidentiary hearing in state court but that the state court denied his requests. *See Miller*, 161 F.3d at 1253. As a result, Mr. Ardrey

must show that his claim fits within one of 2254(e)(2)'s exceptions. *Id.* We hold that it does not. He cites to no new, retroactive Supreme Court rule that was previously unavailable. Nor does he show that but for the errors he claims, he would have been found innocent of the crime for which he was convicted. We thus affirm the district court's denial of his request for an evidentiary hearing.

pointment of counsel and an evidentiary hearing.